O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES FELIX; and FEDERICO DIAZ, | Case No. 19-6002 DDP (GJSx) |
| Plaintiffs, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS CLAIMS 16-18 FROM PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| v. | |
| COUNTY OF VENTURA; SHERIFF BILL AYUB, individually and in his official capacity as a PEACE OFFICER of the VENTURA COUNTY SHERIFF'S OFFICE; DETECTIVE SERGEANT JEREMY BRAMLETTE, individually and in his official capacity as a PEACE OFFICER of the VENTURA COUNTY SHERIFF'S OFFICE; DISTRICT ATTORNEY GREGORY D. TOTTEN, individually and in his official capacity as a DISTRICT ATTORNEY FOR COUNTY OF VENTURA; DEPUTY DISTRICT ATTORNEY DAVID S. RUSSELL, individually and in his official capacity as a DISTRICT ATTORNEY FOR COUNTY OF VENTURA and DOES 1 through 50, inclusive, Defendants | [Dkt. 27] |
| Defendants. | |

Presently before the court is Defendants' Motion to Dismiss claims 16-18 from Plaintiff's First Amended Complaint. Having considered the parties' submissions and heard oral argument, the court adopts the following Order.

## I. BACKGROUND

Plaintiffs Andres Felix ("Felix") and Federico Diaz ("Diaz") (collectively, "Plaintiffs") are individuals residing in the City of Los Angeles. (Dkt. 10, First Amended Complaint ("FAC") ¶¶ 12-13.) Defendants are the County of Ventura, Sheriff Bill Ayub, Detective Sergeant Jeremy Bramlette, District Attorney Gregory D. Totten, and Deputy District Attorney David S. Russell. (*Id.* ¶¶ 14-20.)[1]

Plaintiffs allege that in approximately April 2016, Defendants Bramlette, Totten, Russell, and others, applied for "numerous wiretap search warrants for various interceptions" in connection with an ongoing investigation of a Ventura County Superior Court criminal case. The criminal case "alleged that Plaintiffs and others conspired to transport cocaine from Los Angeles, California to Denver, Colorado." (*Id.* ¶ 35.) Plaintiffs allege that the warrants Defendants obtained were facially insufficient to operate a "Stingray cell site emulator device." (*Id.* ¶¶ 41-50.) Plaintiffs allege that "the cumulative number and nature of the deficiencies in the Applications, Affidavits, and Orders for the Wiretaps . . . clearly indicate a deliberate intent to ignore the requirements of the Federal and California wiretap Law, specifically the use of Stingrays without a proper warrant." (*Id.* ¶ 43.) Based on these facially invalid warrants, Defendants used a Stingray to surveil and identify Plaintiffs' cellphones. (*Id.* ¶ 48.)

As a result of Defendants' use of a Stingray to identify and surveil Plaintiffs, Plaintiff Diaz was arrested on July 15, 2016 and Plaintiff Felix was arrested on July 21, 2017. (*Id.* ¶¶ 51, 54.) Plaintiffs were "each held on a bond of $1.5 million which neither

---

[1] The court dismissed Defendants Harris Corporation and Verizon Communications from this action pursuant to the parties' stipulations. (*See* Dkts. 35, 41.)

2

could pay . . ." (*Id.* ¶ 52.) Plaintiffs further allege that Defendants Totten and Russell "continued to deny Plaintiffs and their attorneys[] access to the applications and orders for wiretaps, specifically the technology used throughout the investigation . . . ." (*Id.* ¶ 53.) In approximately May 2019, three years after Plaintiffs' initial incarceration, Plaintiffs' motion to suppress evidence procured through the use of Stingrays was granted and Plaintiffs were released. (*Id.* ¶¶ 54, 55.)

On the basis of these allegations, Plaintiffs filed this action alleging Federal and California state law claims. (*See* FAC.) Defendants County of Ventura, District Attorney Gregory D. Totten, and Deputy District Attorney David S. Russell now move to dismiss Plaintiffs' claims against them for violations of California Penal Codes §§ 631, 632.5, and 632.7. (*See* Dkt. 27, Motion to Dismiss ("MTD").)

## II. LEGAL STANDARD

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." *Id.* at 679. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. *Id*. at 678 (citations and internal quotation marks omitted).

///

///

3

## III. DISCUSSION

Defendants County of Ventura, District Attorney Gregory D. Totten, and Deputy District Attorney David S. Russell (collectively, "Defendants") argue that Plaintiffs' claims for violations of Penal Codes §§ 631 (wiretapping), 632.5 (cellular radio telephone interceptions), and 632.7 (intentional recordation of communications without consent) (collectively, "claims 16-18") must be dismissed because Plaintiff failed to satisfy California's Government Tort Claims Act. (MTD at 9-10.) Specifically, Defendants contend that Plaintiffs' written claims to Ventura County did not provide any factual allegations regarding wiretapping, interceptions, or recordation of communications without consent. (*Id.* at 10.) Defendants argue that such allegations are necessary for Plaintiff to maintain claims 16-18. (*Id.*)

California's Government Torts Claims Act § 945.4 requires a prospective plaintiff to present a written claim to the public entity before filing a lawsuit for damages against that entity. Gov't Code § 945.4. There are strict procedures for the claim process, including specific factual content that must be in the claim and a time bar of six months for claims related to personal injury. *Id.* §§ 910, 911.2(a). Section 910 requires the claim to include: "(c) The date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted" and "(d) A general description of the indebtedness, obligation, injury, damage or loss incurred so far as it may be known at the time of presentation of the claim." *Id.* § 910(c), (d).

> The purpose of the claims statutes is not to prevent surprise, but 'to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation. [ ] It is well-settled that claims statutes must be satisfied even in face of the public entity's actual knowledge of the circumstances surrounding the claim.'

4

*City of Stockton v. Superior Court*, 171 P.3d 20, 25 (Cal. 2007) (quoting *City of San Jose v. Superior Court*, 12 Cal. 3d 447, 455 (1974)). "Consequently, a claim need not contain the detail and specificity required of a pleading, but need only fairly describe what [the] entity is alleged to have done." *Stockett v. Ass'n of Cal. Water Agencies Joint Powers Ins. Auth.*, 99 P.3d 500, 502 (Cal. 2004) (internal quotations and citations omitted). Where a complaint "shifts allegations," such that liability is premised on "acts or omissions committed at different times or by different persons than those described in the claim," such complaint is barred. *Id.* at 503 (internal citations and quotations omitted); *see, e.g.*, *Fall River Joint Unified Sch. Dist. v. Superior Court*, 206 Cal. App. 3d 431 (1988) (holding that where plaintiff's claim for damages only contained a theory of negligent maintenance of a door, plaintiff could not maintain a theory of failure to supervise children). However, "where the complaint merely elaborates or adds further detail to a claim, but is predicated on the same fundamental actions or failures to act by the defendants," such complaint will not be barred. *Stockett*, 99 P.3d at 502, 505 (holding that new theories of wrongful termination were not barred where plaintiff notified employer of wrongful termination claim and employer's reasonable investigation would include "an evaluation of whether any of the reasons proffered by the [employer], including but not limited to the theories in [plaintiff's] claim, constituted wrongful termination.")

Here, Plaintiffs submitted claims for damages to the County of Ventura. (*See* Dkt. 27-1, Exs. A, B (collectively, "Claims for Damages").) In the statement of facts section of the Claims for Damages, Plaintiffs provided the following allegations:

> From July 21, 2016 to May 29, 2019 the Claimant, [Plaintiff], was wrongfully and maliciously incarcerated. His case was dismissed on May 29, 2019, by the Ventura County District Attorney for "no probable cause". He was illegally incarcerated for three years.

(*Id.*) Plaintiffs contend that the allegations above, substantially complied with the statutory requirements under Sections 945.4 and 910 and claims 16-18 "are derived from

5

the illegal use of stingrays to intercept their private communication that [was] ultimately used to hold [Plaintiffs] in prison for three (3) years without probable cause." (Dkt. 32, Opp. at 10.) Plaintiffs argue that claims 16-18 are not barred because Plaintiffs have not added additional parties or new theories of liability. (*Id.* at 6:17-18.) Notably, however, the claims for unlawful wiretapping involve different times—dates not included in Plaintiffs' Claims for Damages—and factual circumstances nowhere mentioned in the Claims for Damages. Although the Claims for Damages refer to a dismissal of Plaintiffs' criminal cases against them for "no probable cause," "no probable cause" is a vague statement that fails to fairly describe what Defendants are alleged to have done. Plaintiffs' Claims for Damages could have, at a minimum, provided a statement that probable cause was lacking because of unlawful surveillance, interception, or wiretaps.

Because Plaintiffs' Claims for Damages failed to provide any facts that could have provided notice to Defendants of violations of wiretapping laws, the court concludes that Plaintiffs cannot maintain claims 16-18.

## IV. CONCLUSION

Defendants' Motion to Dismiss claims 16-18 is GRANTED. Claims 16-18 in Plaintiff's First Amended Complaint are dismissed as to Defendants County of Ventura, District Attorney Gregory D. Totten, and Deputy District Attorney David S. Russell.

**IT IS SO ORDERED.**

Dated: October 21, 2019

_____
DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE

6